*Gowen, Kunkel, and Lamberton, for defendant.*

---

*Court of Common Pleas, Dauphin County, January 2d, 1868.*

## THE COMMONWEALTH OF PENNSYLVANIA *v.* THE PHŒNIX IRON COMPANY.

A corporation paying a tax on its capital stock, to be measured by the amount of its dividends, under the act of 29th April, 1844, is liable to a tax on its net earnings, under the act of 30th April, 1864; and it must be charged with interest at the rate of 12 per cent. per annum upon the sum due until it is paid.

BY THE COURT.—The case presented two legal questions. First. Is the company liable to a tax on its net earnings or income, under the second section of the act of April 30th, 1864? And, second. Must it be charged with interest on the balance due to the commonwealth, at the rate of 12 per cent. per annum, from thirty days after the date of the settlement by the accounting department until the same is paid, as provided in the third section of the act of April 9th, 1867? The act of 1864 clearly embraces this corporation in its general terms, unless it pays a tax on its dividends. This is conceded. But its counsel assumes that it does pay a tax on its dividends, under the act of 1844 and other laws of this commonwealth, whilst the State contends that it is exempt from all such taxes, and merely pays upon its *capital stock*, although measured by the amount of dividends. In order to properly understand and construe our tax laws, we are obliged to look into their origin and history, as many of the statutes, if standing isolated and alone, are obscurely worded and difficult of solution. A tax upon the dividends made by corporations of various kinds, has been common for a long time under our statutes. Certainly, as early as 1824, and probably as far back as 1814, a tax was imposed upon those made by the banks of the commonwealth. That has been

continued from time to time as long as we had any in the State, and prevails against those of deposit and savings institutions. The tenth section of the act of June 16th, 1836, requires a like tax to be paid by iron manufacturing companies (P. L. 802). A similar tax is imposed upon manufacturing companies generally, by the fifteenth section of the act of April 7th, 1849 (P. L. 567). A vast number of private corporations of various kinds throughout the commonwealth have similar provisions in their charters, some of which have come under our immediate consideration. The wants of the commonwealth calling for the imposition of additional taxes, led to the passage of the act of April 29th, 1844, which requires a tax to be paid on the capital stock of all banks, institutions, and companies incorporated by or under any law of this commonwealth, although that tax was to be measured by the amount of dividends declared when they exceeded six per cent., and by an appraisement of the stock when they fell short of that sum. Yet it was well known and understood to be a different and additional tax to that imposed upon the dividends, and the State uniformly exacted, and the corporations paid, the tax, both on their dividends and capital stock, so far as the tax on dividends had been imposed, which was not universally the case, as some had escaped the imposition of that tax. It is believed that the tax on capital stock fell upon all, unless specially exempted in their charters. What still more clearly demonstrates the legislative understanding is shown by the act of June 11th, 1840 (P. L. 612), which was the first law imposing a tax on capital stock, and requires it to be paid at the same time, in the same manner, and subject to like penalties, as the tax on dividends. The act of 1850 still requires the banks to pay a certain tax on dividends, therein prescribed, notwithstanding the tax on capital stock, under the act of 1844. It may be safely said that the taxes collected on corporation's dividends, and on their capital stock, or measured by their dividends under the act of 1844 and various other statutes, amounts to millions of dollars; and at the accounting department the distinction has always been kept up, and was well known and understood. The finances of the State justifying the obligation of a portion of the taxes, and great inequalities existing as to those imposed on different corporations of the same character—some being subject to taxes on dividends and also on capital stock, whilst others escaped the former tax—the legislature enacted the act of April 12th, 1859, "to equalize taxation." This has exempted all corporations from a tax on dividends, excepting banks, as therein described, and required all to pay a tax on their capital stock in proportion to the amount of dividends, provided any was made, and if not, on a valuation, as provided by the act of 1844; thus clearly keeping up the distinction well known to exist between the two taxes. The expenses of the war created a

[The Commonwealth of Pennsylvania *v.* The Phœnix Iron Company.]

necessity for additional taxation, and led to the passage of the act of April 30th, 1864, under which the tax in the present case is imposed.

The law requires all the persons and corporations therein named, not paying a tax on dividends, to pay three per centum of their net earnings into the State treasury. This company, even if subject to a tax on its dividends, which is not shown, was exonerated therefrom by the act of 1859, already cited, and comes within the very letter and intention of the present law. For us to hold that all of the corporations taxed on their capital stock, to be computed according to the dividends, were paying a tax on dividends, would be to render entirely nugatory the act of 1864, as there is not a corporation in the State but what would be absolved from the tax on its net earnings. The law would be emasculated and but a dead letter. We are, therefore, clearly of the opinion that this company pays no tax on its dividends, but on its capital stock only, and must consequently pay the tax charged against it in the settlement from which it has taken an appeal. Although we do not wish or desire the provisions of the act of April 9th, 1867 (P. L. p. 58), imposing interest at the rate of twelve per centum on diligent tax-payers, yet there is no misunderstanding the enactment. The object of the legislature was to compel punctuality, and for that purpose interest, at double the ordinary rates, is directed to be charged on all of those failing to pay as required by law. This, by the second section, is to be charged by the officers in the settlement, and on the balances found due the third section inflicts a like rate of interest, to be computed at the expiration of one month, instead of the charge of six per cent. after three months, as required by the act of 1811. Such a provision is within the law-making power, is clearly expressed, and must be carried into effect by the courts. You are, therefore, instructed to render a verdict in favor of the commonwealth for the tax of $1836.45, with interest thereon at the rate of twelve per centum per annum, after thirty days from the date of settlement.

AFFIRMED BY THE SUPREME COURT (9 P. F. Smith, 404).

*B. H. Brewster, for plaintiff.*

*Kunkel, for defendant.*